UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SEATTLE POLICE DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:22-cv-00932-TL<br><br>ORDER DISMISSING CASE WITH PREJUDICE AND STRIKING MOTION TO APPOINT COUNSEL |

　　This matter comes before the Court on an order recommending review of *pro se* Plaintiff Daniel Teklemariam Hagos' complaint under 28 U.S.C. § 1915(e)(2)(B) (Dkt. No. 7) and Plaintiff's motion for appointment of counsel (Dkt. No. 9). Having reviewed the relevant record and the governing law, the Court DISMISSES the case with prejudice and STRIKES the motion to appoint counsel.

## I. BACKGROUND

On July 19, 2022, Plaintiff Hagos' motion to proceed *in forma pauperis* was granted because Plaintiff appears to financially qualify for that status pursuant to 28 U.S.C. § 1915(a)(1). Dkt. No. 7. In that Order, the United States Magistrate Judge recommended review of the complaint under 28 U.S.C. § 1915 (e)(2)(B). *Id*. The Court is required to dismiss a case if it determines that the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Plaintiff Hagos appears to be bringing this case under 42 U.S.C. § 1983, the Fourth Amendment, and the Fourteenth Amendment. *See* Dkt. No. 8 at 1, 4. To properly state a claim under Section 1983, a complaint must allege that (1) a person acting under color of state law committed the complained-of conduct, and (2) the conduct deprived the complainant of "a right, privilege, or immunity secured by the Constitution or laws of the United States." *Edwards v. Bureau of Prisons*, No. 3:07-cv-05033, 2007 WL 1417311, at *1 (W.D. Wash. May 11, 2007).

The instant complaint is substantially the same as an earlier-filed case pending before the Honorable Lauren King and the Honorable Brian A. Tsuchida. *See* 2:22-cv-00931-LK-BAT. In that case, Plaintiff Hagos filed a Section 1983 complaint against most of the same defendants regarding alleged violations of his rights for the same arrest at issue in the instant case. Plaintiff Hagos has already been warned several months ago by this Court that any lawsuits with duplicative complaints are subject to dismissal with prejudice. *See* 2:22-cv-00191-RSM-BAT.

Plaintiff Hagos also filed a request for Court-appointed counsel, in which he described absolutely no efforts to retain an attorney. *See* Dkt. No. 9 at 2 (stating "N/A" to describe efforts already made to retain an attorney). Plaintiff also provided no other information or detail to support his request. *See generally* Dkt. No. 9.

## II. DISCUSSION

### A. Sufficiency of Complaint

Federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (internal citation omitted). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (*e.g.*, residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Plaintiff Hagos has attempted to raise claims under federal law. He has named as defendants six members of the Seattle Police Department who were involved in arresting him at a convenience store in January 2021. *See* Dkt. No. 8 at 1; Dkt. No. 8-1 at 1. He claims the officers violated his "state & federal rights." *See* Dkt. No. 8 at 4. Hagos claims that "1. The Police fabracated [*sic*] The Probable Cause 2. There was no exigent circumstance 3. The Police Violated The 14th Amend. Equal Protection Equal Treatment 4. The Police violated The 4th Amend. Illegal Search & Seizure and Bivens Case Self Incrimination Clause." *Id*. at 3. He requests a no-contact order, that the officers be sentenced to a term of federal imprisonment, and monetary damages. *Id*. at 4.

Plaintiff Hagos neither provides any facts regarding how the officers violated his rights nor specifies what the injuries were that these officers allegedly caused. Plaintiff complains that one of the officers "fabr[i]cated the probable cause by stating he got spit on while I was in the back of the patrol car . . . ." *Id*. at 3. However, the arrest report Plaintiff Hagos filed alongside the complaint explains that the officer found probable cause for robbery in the second degree after speaking with a store cashier who reported that Hagos assaulted the cashier with an umbrella which Hagos then took from the store. Dkt. No. 8-1 at 5. The report then details how Plaintiff

"spat directly into [an officer's] face" while the officer advised Hagos of his *Miranda* rights. *Id*. at 6. The officers also recovered two "illegal knives" from Hagos' pants pocket. *Id*. With the facts alleged, there is no evidence of any injury to Hagos, let alone any constitutional violation, caused by the defendant officers. *See Levi v. Alaska*, 781 F. App'x 651 (9th Cir. 2019) (affirming *sua sponte* dismissal of a Section 1983 action for failure to state a claim partly on grounds that the plaintiff "failed to allege any facts showing a constitutional violation"). Similarly, Plaintiff Hagos has not alleged any facts that could give rise to an unreasonable search or seizure claim or excessive force claim under the Fourth Amendment, nor has he alleged being treated unequally compared to other arrestees to justify bringing a claim under the Fourteenth Amendment. *See generally* Dkt. No. 8.

This Court liberally construes pleadings filed by *pro se* litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). But a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g., Henderson v. Anderson*, 2:19-cv-00789-RAJ, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants.") (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Also, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). The Court is also mindful that, except where "it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment,' " that a *pro se* plaintiff should be given opportunity to amend their complaint. *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam) (citations omitted). Reading Plaintiff's complaint as liberally as possible, the "[v]ague and conclusory allegations of official participation in civil

rights violations are not sufficient to" avoid dismissal. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. **Duplicative Complaint**

As Plaintiff is aware, "[d]uplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Goods v. Wasco State Prison*, No. 1:19-cv-01318, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, 2019) (citing, *inter alia*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint that merely repeats pending or previously litigated claims.") (citations and quotation omitted). "[P]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." *In re Perry*, 734 F. App'x 533, 534 (9th Cir. 2018) (citation omitted). "Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative." *Goods*, 2019 WL 4670217, at *1 (citations omitted). Given the duplicative nature of this lawsuit, the Court will DISMISS this complaint WITH PREJUDICE.

C. **Appointment of Counsel**

Plaintiff Hagos also filed a motion for appointment of counsel. Dkt. No. 9. Since the Court is dismissing this matter with prejudice, it need not reach whether appointment of counsel is appropriate. The motion is STRICKEN as moot.

III. **CONCLUSION**

For the above reasons, Plaintiff Hagos' claims are DISMISSED WITH PREJUDICE and his motion for appointment of counsel (Dkt. No. 9) is STRICKEN as moot.

Dated this 17th day of August 2022.

_____
Tana Lin
United States District Judge